**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: **10 2039** |
| *Plaintiff,* | |
| v. | JUDGE: Collyer |
| GRAFTECH INTERNATIONAL LTD. | DECK TYPE: Antitrust |
| and | |
| SEADRIFT COKE L.P., | DATE STAMP: |
| *Defendants.* | |

## STIPULATION AND ORDER

It is hereby stipulated and agreed by and between the undersigned parties, subject to approval and entry by the Court, that:

### I. DEFINITIONS

As used in this Stipulation and Order:

A.     "GrafTech" means defendant GrafTech International Ltd., a Delaware corporation with its headquarters in Parma, Ohio, its predecessor, UCAR International Ltd., its successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and their directors, officers, managers, agents, and employees.

B.     "Seadrift" means defendant Seadrift Coke L.P., a Delaware Limited Partnership with its headquarters in Port Lavaca, Texas, its successors and assigns, and its subsidiaries,

divisions, groups, affiliates, partnerships, and joint ventures, and their directors, officers, managers, agents, and employees.

C.      "Conoco" means ConocoPhillips Company, a Delaware corporation with headquarters in Houston, Texas, which includes the subsidiaries managing the production facilities in Lake Charles, Louisiana and South Killinghorne, England, as well as all other successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and their directors, officers, managers, agents, and employees.

D.      The "Supply Agreement" encompasses those two agreements effective January 1, 2001, between GrafTech and Conoco, which relate to the provision of petroleum needle coke and any agreement created to supersede, modify or amend those agreements.

E.      "Contract" means any agreement, understanding, amendment, modification or other document describing the commercial terms of sale.

F.      "Merger" means GrafTech's proposed purchase of the 81.1 percent of voting securities of Seadrift that it does not already own, and the concurrent merger between GrafTech and Seadrift, pursuant to the agreement executed on April 1, 2010.

## II. **OBJECTIVES**

The Final Judgment filed in this case is meant to ensure that the Defendants delete provisions from the Supply Agreement with a competitor that might lead to reduced competition in the provision of petroleum needle coke that otherwise might result from GrafTech's acquisition of Seadrift.  This Stipulation and Order ensures that Defendants will secure the required amendments to the Supply Agreement prior to consummation of the Merger, refrain from incorporating similar terms in future Contracts, comply with reporting obligations

2

following the Merger, and configure their internal communications structure to avoid the potential for the exchange of competitively sensitive information.

### III. JURISDICTION AND VENUE

The Court has jurisdiction over the subject matter of this action and over each of the parties hereto, and venue of this action is proper in the United States District Court for the District of Columbia.

### IV. COMPLIANCE WITH AND ENTRY OF FINAL JUDGMENT

A.      The parties stipulate that a Final Judgment in the form attached hereto as Exhibit A may be filed with and entered by the Court, upon the motion of any party or upon the Court's own motion, at any time after compliance with the requirements of the Antitrust Procedures and Penalties Act (15 U.S.C. § 16), and without further notice to any party or other proceedings, provided that the United States has not withdrawn its consent, which it may do at any time before the entry of the proposed Final Judgment by serving notice thereof on Defendants and by filing that notice with the Court.  Defendants agree to arrange, at their expense, publication as quickly as possible of the newspaper notice required by the APPA.  The publication shall be arranged no later than five (5) calendar days after Defendants' receipt from the United States of the text of the notice and the identity of the newspaper within which the publication shall be made. Defendants shall promptly send to the United States (1) confirmation that publication of the newspaper notice has been arranged, and (2) the certification of the publication prepared by the newspaper within which the notice was published.

B.      Defendants shall abide by and comply with the provisions of the proposed Final Judgment, pending the entry of the Final Judgment by the Court, or until expiration of time for

all appeals of any Court ruling declining entry of the proposed Final Judgment, and shall, from the date of the signing of this Stipulation by the parties, comply with all the terms and provisions of the proposed Final Judgment as though the same were in full force and effect as an order of the Court.

      C.      This Stipulation and Order shall apply with equal force and effect to any amended proposed Final Judgment agreed upon in writing by the parties and submitted to the Court.

      D.      In the event: (1) the United States has withdrawn its consent, as provided in Section IV(A) above; or (2) the proposed Final Judgment is not entered pursuant to this Stipulation and Order, the time has expired for all appeals of any Court ruling declining entry of the proposed Final Judgment, and the Court has not otherwise ordered continued compliance with the terms and provisions of the proposed Final Judgment, then the parties are released from all further obligations under this Stipulation and Order, and the making of this Stipulation and Order shall be without prejudice to any party in this or any other proceeding.

      E.      Defendants represent that the actions ordered by the proposed Final Judgment can and will be made, and that the conduct prohibited under the proposed Final Judgment will not be undertaken, and that Defendants will later raise no claim of mistake, hardship, or difficulty of compliance as grounds for asking the Court to modify any of the provisions contained therein.

      Defendants' obligations under this Stipulation and Order shall remain in effect until: (1) expiration of the Final Judgment; or (2) further order of the Court. If the United States voluntarily dismisses the Complaint in this matter, Defendants are released from all further obligations under this Stipulation and Order.

4

Dated: November 24, 2010

Respectfully submitted,

FOR PLAINTIFF
UNITED STATES OF AMERICA

Stephanie A. Fleming, Esq.
United States Department of Justice
Antitrust Division, Litigation II Section
450 Fifth Street, N.W., Suite 8700
Washington, D.C. 20530
(202) 514-9228
stephanie.fleming@usdoj.gov

FOR DEFENDANT
GRAFTECH INTERNATIONAL LTD.

Jonathan Gleklen, Esq.
Arnold & Porter LLP
555 12th Street, N.W.
Washington, D.C. 20004
(202) 942-5454
jonathan.gleklen@aporter.com

FOR DEFENDANT
SEADRIFT COKE L.P.

Craig Seebald, Esq.
Joel Grosberg, Esq.
McDermott, Will & Emery
600 13th Street, N.W.
Washington, D.C. 20006
(202) 756-8127
cseebald@mwe.com

**ORDER**

IT IS SO ORDERED by the Court, this 13 day of December 2010.

_____ United States District Judge

5