UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*Plaintiff,*<br><br>v.<br><br>GRAFTECH INTERNATIONAL LTD.<br><br>and<br><br>SEADRIFT COKE L.P.,<br><br>*Defendants.* | CASE NO.: 1:10-cv-02039<br><br>JUDGE: Collyer, Rosemary M.<br><br>DECK TYPE: Antitrust |

## **FINAL JUDGMENT**

WHEREAS, Plaintiff, United States of America, filed its Complaint on November 29, 2010, and the United States and Defendants GrafTech International Ltd. ("GrafTech") and Seadrift Coke L.P. ("Seadrift"), by their respective attorneys, have consented to the entry of this Final Judgment without trial or adjudication of any issue of fact or law, and without this Final Judgment constituting any evidence against or admission by any party regarding any issue of fact or law;

AND WHEREAS, Defendants agree to be bound by the provisions of this Final Judgment pending its approval by the Court;

AND WHEREAS, this Final Judgment requires the prompt and certain modification of particular contracts to which GrafTech is a party and the imposition of certain conduct restrictions and obligations on GrafTech to assure that competition is maintained;

AND WHEREAS, GrafTech has represented to the United States that the contract modifications required below can and will be made, that GrafTech will abide by the conduct restrictions and obligations required below, and that GrafTech will later raise no claim of hardship or difficulty as grounds for asking the Court to modify any of the provisions contained below;

NOW THEREFORE, before any testimony is taken, without trial or adjudication of any issue of fact or law, and upon consent of the parties, it is ORDERED, ADJUDGED AND DECREED:

## I. JURISDICTION

This Court has jurisdiction over the subject matter of and each of the parties to this action. The Complaint states a claim upon which relief may be granted against Defendants under Section 7 of the Clayton Act, 15 U.S.C. § 18, as amended.

## II. DEFINITIONS

As used in this Final Judgment:

A.      "GrafTech" means defendant GrafTech International Ltd., a Delaware corporation with its headquarters in Parma, Ohio, its predecessor, UCAR International Ltd., its successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and their directors, officers, managers, agents, and employees.

B. "Seadrift" means defendant Seadrift Coke L.P., a Delaware Limited Partnership with its headquarters in Port Lavaca, Texas, its successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and their directors, officers, managers, agents, and employees.

C. "Conoco" means ConocoPhillips Company, a Delaware corporation with headquarters in Houston, Texas, which includes the subsidiaries managing the production facilities in Lake Charles, Louisiana and South Killinghorne, England, as well as all other successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and their directors, officers, managers, agents, and employees.

D. The "Supply Agreement" encompasses those two agreements effective January 1, 2001, between GrafTech and Conoco, which relate to the provision of petroleum needle coke and any agreement created to supersede, modify or amend those agreements.

E. "Contract" means any agreement, understanding, amendment, modification or other document describing the commercial terms of sale.

F. "Merger" means GrafTech's proposed purchase of the 81.1 percent of voting securities of Seadrift that it does not already own, and the concurrent merger between GrafTech and Seadrift, pursuant to the agreement executed on April 1, 2010.

G. "Exempted Employee" means any employee of Defendants who is not a GrafTech Covered Employee or Seadrift Covered Employee, including: (a) GrafTech's Chief Executive Officer and Chief Financial Officer; and (b) any employee of Defendants whose primary responsibilities includes accounting, tax, corporate development, human resources, legal, information systems, and/or finance.

3

H. "GrafTech Covered Employee" means any employee of GrafTech other than an Exempted Employee whose principal job responsibility involves the operation or day-to-day management of GrafTech's Industrial Materials or Engineered Solutions businesses.

I. "Petroleum Needle Coke Supplier Confidential Information" means all information provided, disclosed, or otherwise made available to GrafTech by petroleum needle coke suppliers or potential petroleum needle coke suppliers that is not in the public domain, including but not limited to information related to such suppliers' current or future output, capacity, prices, or forecasted shutdown schedules, but does not include prices paid by GrafTech or quantities purchased by GrafTech from a petroleum needle coke supplier.

J. "Seadrift Covered Employee" means any employee of Seadrift other than an Exempted Employee whose principal job responsibility involves the operation or day-to-day management of Seadrift's petroleum needle coke business.

K. "Seadrift Customer Confidential Information" means all information provided, disclosed, or otherwise made available to Seadrift by Seadrift customers or potential customers that is not in the public domain, including but not limited to information related to such customers' current or future purchases, output, capacity, prices, or forecasted shutdown schedules.

### III. APPLICABILITY

This Final Judgment applies to Defendants GrafTech and Seadrift, as defined above, and all other persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise.

4

## IV. **REQUIRED CONDUCT**

A.  Defendants shall not consummate the Merger until the Supply Agreements have been modified in a manner consistent with this Final Judgment, including compliance with the following conditions:

> 1. The audit rights described in section 5.6 of the Supply Agreement shall be deleted and have no further force or effect.
>
> 2. The most-favored-nation basis price clause included in section 12.3.C of the Supply Agreement shall be deleted and have no further force or effect.

B.  Defendants shall not agree to incorporate the following provisions in any future contract with Conoco for the provision of petroleum needle coke:

> 1. Any provision that grants to Defendants the right to audit or otherwise review the non-public financial and commercial records of Conoco, or grants such rights to Conoco with respect to Defendant's non-public financial and commercial records.
>
> 2. Any provision that grants to Defendants the right to obtain any non-public information about third-party petroleum needle coke pricing or related commercial terms from Conoco, or grants such rights to Conoco with respect to Defendants' non-public information about third-party petroleum needle coke pricing or related commercial terms.

C.  Beginning on the date of entry of this Final Judgment and continuing for the term of the Final Judgment:

> 1. Within two business days of execution, Defendants shall provide to the

5

United States complete and unredacted copies of any Contract formed between Defendants and Conoco relating to the provision of petroleum needle coke.

2. Within ten business days of the end of each quarter, Defendants shall provide to the United States a copy of documents prepared in the ordinary course of business sufficient to show:

   (a) Seadrift's projection of demand and sales for petroleum needle coke in the subsequent twelve-month period;

   (b) Seadrift's year-to-date production and sales of petroleum needle coke versus forecast; and

   (c) Seadrift's changes to petroleum needle coke production capacity or other major capital projects, and capital spending by project.

3. If, at any time, Defendants elect to make a change in Seadrift's capacity or production plans that changes Seadrift's annual output by more than ten percent and that is not reflected in the most recent document provided in response to Paragraph IV(C)(1) or (2), Defendants shall:

   (a) within two business days provide the Division written notice of that change; and

   (b) within ten business days provide any documents prepared in the ordinary course of business that describe the change, reflect the reasons for the change or project the impact of that change.

D.  All documents required to be produced to the United States under Paragraph IV(C) shall be delivered by certified mail to the following address:

> Chief, Litigation II Section
> Antitrust Division
> Department of Justice
> 450 Fifth St., N.W.
> Washington, DC 20530

## V. PROHIBITED CONDUCT

A.  Subject to Paragraph V(B), Defendants shall not:

   1. disclose to any GrafTech Covered Employee any Seadrift Customer Confidential Information; or

   2. disclose to any Seadrift Covered Employee any Petroleum Needle Coke Supplier Confidential Information.

B.  Notwithstanding the provisions of Paragraph V(A), GrafTech may:

   1. disclose to Seadrift Covered Employees information regarding GrafTech's purchases of petroleum needle coke from petroleum needle coke suppliers other than Seadrift;

   2. disclose to any GrafTech Covered Employee any Petroleum Needle Coke Supplier Confidential Information;

   3. disclose Petroleum Needle Coke Supplier Confidential Information to an Exempted Employee who requires the information in order to perform his or her job function(s); provided, however, that such Exempted Employee may not use Petroleum Needle Coke Supplier Confidential Information to

7

          perform any job function(s) that primarily involve(s) the day-to-day operation or management of Seadrift's needle coke business;

4. disclose Seadrift Customer Confidential Information to an Exempted Employee who requires the information in order to perform his or her job function(s); provided, however, that such Exempted Employee may not use Seadrift Customer Confidential Information to perform any job function(s) that primarily involve(s) the day-to-day operation or management of GrafTech's Industrial Materials or Engineered Solutions businesses; and

5. disclose Petroleum Needle Coke Supplier Confidential Information and/or Seadrift Customer Confidential Information to any Defendant employee where so required by law, government regulation, legal process, or court order, so long as such disclosure is limited to fulfillment of that purpose.

## VI. <u>COMPLIANCE INSPECTION</u>

A.    For the purposes of determining or securing compliance with this Final Judgment, or of determining whether the Final Judgment should be modified or vacated, and subject to any legally recognized privilege, from time to time authorized representatives of the United States Department of Justice Antitrust Division ("Antitrust Division"), including consultants and other persons retained by the United States, shall, upon written request of an authorized representative of the Assistant Attorney General in charge of the Antitrust Division, and on reasonable notice to Defendant, be permitted:

8

        1.    access during Defendants' office hours to inspect and copy, or at the option of the United States, to require Defendants to provide hard copies or electronic copies of, all books, ledgers, accounts, records, data, and documents in the possession, custody, or control of Defendants, relating to any matters contained in this Final Judgment; and

        2.    to interview, either informally or on the record, Defendants' officers, employees, or agents, who may have their individual counsel present, regarding such matters. The interviews shall be subject to the reasonable convenience of the interviewee and without restraint or interference by Defendants.

B.    Upon the written request of an authorized representative of the Assistant Attorney General in charge of the Antitrust Division, Defendants shall submit written reports or response to written interrogatories, under oath if requested, relating to any of the matters contained in this Final Judgment as may be requested.

C.    No information or documents obtained by the means provided in this section or pursuant to Paragraph IV(C) shall be divulged by the United States to any person other than an authorized representative of the executive branch of the United States, except in the course of legal proceedings to which the United States is a party (including grand jury proceedings), or for the purpose of securing compliance with this Final Judgment, or as otherwise required by law.

D.    If at the time information or documents are furnished by Defendants to the United States, Defendants represent and identify in writing the material in any such information or documents to which a claim of protection may be asserted under Rule 26(c)(1)(G) of the Federal

Rules of Civil Procedure, and Defendants mark each pertinent page of such material, "Subject to claim of protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure," then the United States shall give Defendants ten (10) calendar days notice prior to divulging such material in any legal proceeding (other than a grand jury proceeding).

## VII. **RETENTION OF JURISDICTION**

This Court retains jurisdiction to enable any party to this Final Judgment to apply to this Court at any time for further orders and directions as may be necessary or appropriate to carry out or construe this Final Judgment, to modify any of its provisions, to enforce compliance, and to punish violations of its provisions.

## VIII. **EXPIRATION OF FINAL JUDGMENT**

Unless this Court grants an extension, this Final Judgment shall expire ten (10) years from the date of its entry.

## IX. **PUBLIC INTEREST DETERMINATION**

Entry of this Final Judgment is in the public interest. The parties have complied with the requirements of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16, including making copies available to the public of this Final Judgment, the Competitive Impact Statement, and any comments thereon and the United States's responses to comments. Based upon the record before

the Court, which includes the Competitive Impact Statement and any comments and response to comments filed with the Court, entry of this Final Judgment is in the public interest.

Date: 24 March 2011

Court approval subject to procedures of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16.

/s/ Rosemary M. Collyer
Honorable

11